UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 14-10271-RWZ

ALVIN LEACOCK

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION AND ORDER

July 5, 2017

ZOBEL, S.D.J.

Petitioner Alvin Leacock moves pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Docket # 202. He alleges that he received ineffective assistance of counsel because his counsel failed "to direct the court's attention to the deportation consequences of a sentence of one year or more." Docket # 202, at 4; Docket # 203, at 1.

I.  **Background**

As relevant to the instant motion, on September 23, 2014, Leacock was indicted on one count of money laundering conspiracy, 18 U.S.C. § 1956(h) (Count 1); one count of conspiracy to defraud the United States, 18 U.S.C. § 371 (Count 2); two counts of money laundering and aiding and abetting, 18 U.S.C. §§ 1956(a)(3) (Counts 3 & 4); and two counts of illegally entering an airport and airport area with intent to commit a felony therein, 49 U.S.C. § 46314(a) & (b)(2) (Counts 10 & 11). Pursuant to a plea

agreement, Leacock pleaded guilty to Counts 1, 2, 10, and 11 on July 9, 2015.[1]
Section 2, "Penalties," of the agreement stated that "because Defendant is pleading guilty to money laundering conspiracy in an amount exceeding over $10,000, removal is presumptively mandatory." Docket # 107, at 2. At the plea colloquy, the court asked Leacock, who was born in Trinidad, whether he was a United States citizen, to which Leacock replied that he was a permanent resident. The court then advised Leacock that he may face deportation as a result of his conviction. At the end of the colloquy, the court accepted Leacock's plea. Sentencing was scheduled for October 1, 2015.

Prior to Leacock's sentencing, Dino Dunkley, who had also been charged in the indictment, went to trial. Dunkley's trial ended on September 28, 2015, with a hung jury. Dunkley ultimately entered into a plea agreement, under which the government dismissed the money laundering and money laundering conspiracy counts, and he pleaded guilty to conspiracy to defraud the United States and illegally entering an airport and airport area with the intent to commit a felony therein. In light of the events surrounding Dunkley's case as well as the collateral consequences resulting from Leacock's plea, the government assented to Leacock's motion to withdraw his guilty plea and enter a revised plea agreement. The court granted this motion. Under the revised plea agreement, the government agreed to dismiss the money laundering conspiracy and money laundering counts (Counts 1, 3, and 4), and Leacock agreed to plead guilty only to conspiracy to defraud the United States and illegally entering an airport and airport area with the intent to commit a felony therein (Counts 2, 10, and 11). The agreement was executed pursuant to Rule 11(c)(1)(C), such that if the court

---

[1] The government agreed to dismiss Counts 3 and 4 of the indictment.

accepted the plea agreement, it would be bound to impose a sentence of 18 to 24 months of imprisonment.

On December 3, 2015, the court held another Rule 11 and a sentencing hearing. Prior to the court's accepting the plea, the government advised the court that "the immigration issue" needed "to be addressed." Docket # 208, at 12. The court then informed Leacock:

> The crimes that you pleaded to the last time, in particular the money laundering crimes, are — they are particularly serious felonies and those particularly serious felonies will lead almost inevitably to an order of deportation. The offenses that remain and that you are pleading to today are not these particularly serious offenses. There may be proceedings. There may be deportation orders, but it is much less likely, and they're not mandatory the way they would be if you had the aggravated felony still sitting on your record.
> . . .
> So, the purpose of this is to, hopefully, get rid of the deportation piece of it, although there may be some aggravation in that in the process of getting there and there is no guarantee. I think that's the long and short of it.

Id. at 12–13. Leacock's counsel responded that he and Leacock "have had the conversation, your Honor. There's no guarantee, but this is certainly a much better result and, again, the government . . . has done this so that as a permanent citizen he, hopefully, will be able to remain." Id. at 13. After concluding the plea colloquy and hearing both parties' arguments on sentencing, the court sentenced Leacock to 18 months of imprisonment.

On September 13, 2016, Leacock timely filed his § 2255 motion alleging ineffective assistance of counsel.

**II.     Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released

3

upon the ground that [a] sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A prisoner seeking to challenge a sentence under § 2255 must bring the motion within a one-year limitations period, which, as relevant here, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

## III. Discussion

To succeed on an ineffective assistance of counsel claim, Leacock "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Rossetti v. United States, 773 F.3d 322, 327 (1st Cir. 2014). "[T]o establish prejudice, a defendant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Rossetti, 773 F.3d at 327 (quoting Strickland, 466 U.S. at 694). "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). "A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citing Strickland, 466 U.S. at 697); see Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that

4

course should be followed.").

Here, Leacock claims that he received ineffective assistance because his counsel did not tell the court that if Leacock received a sentence of one year or more then he would face mandatory deportation. Leacock suggests that had his counsel informed the court as much, then he may have received a sentence of less than one year. However, Leacock cannot establish deficient performance nor can he establish prejudice.

First, putting aside the question of whether counsel has any obligation to tell the court[2] the immigration consequences of a conviction, Leacock's convictions were not of the type that resulted in mandatory deportation even if he received a sentence of more than a year. Specifically, under the Immigration and Nationality Act ("INA") § 238, "[a]n alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States." See 8 U.S.C. § 1228(c). The INA includes a long list of offenses that constitute an "aggravated felon[ies]." See 8 U.S.C. § 1101(a)(43). Within this list are certain offenses that are classified as aggravated felonies if a sentence of at least one year of imprisonment is imposed: (1) a crime of violence; (2) a theft offense; (3) offenses relating to racketeering or gambling; (4) offenses relating to certain types of passport or document fraud; (5) certain types of offenses relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles; and (6) an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness. Id. § 1101(a)(43)(F), (G), (J), (P), (R), & (S). Leacock's offenses of conviction

---

[2] In Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation," id. at 374 (emphasis added).

5

— conspiracy to defraud the United States and illegally entering an airport and airport area with the intent to commit a felony therein — are not included in this category. Therefore, Leacock's counsel's decision not to inform the court that if he received a sentence of one year or more he would face mandatory deportation was not deficient. Indeed, it was correct. Further, although Leacock claims that his counsel "characterized [the] prospect [of deportation] as certain," Docket # 203, at 4, both the court and Leacock's counsel stated that because the money laundering count was dropped, Leacock no longer faced mandatory deportation. See Docket # 208, at 12–13.

Second, even assuming deficient performance, no prejudice can be shown. Under the plea agreement, once the court accepted the agreement, it was bound to sentence within the range agreed to by the parties: 18 to 24 months. Leacock has thus failed to "show that there is a reasonable probability that, but for counsel's [alleged] errors, the result of the proceeding would have been different." See Strickland, 466 U.S. at 694.

## IV.  Conclusion

Leacock's Motion to Vacate, Set Aside, or Correct his Sentence (Docket # 202) is DENIED.

## V.  Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I find that this case is not appropriate for the issuance of a certificate of appealability because Leacock has failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

Leacock is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

|  |  |
|---|---|
|    July 5, 2017    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |